1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN STEVEN HALLMAN, | ) | No. C 10-3548 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS TO |
| v. | ) | FILE DISPOSITIVE MOTION |
| | ) | OR NOTICE REGARDING |
| MATTHEW CATE, et al., | ) | SUCH MOTION |
| | ) | |
| Defendants. | ) | (Docket Nos. 3, 4, 5, 7) |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.  For

the reasons stated below, the Court orders service on the Defendants.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3  the alleged violation was committed by a person acting under the color of state law.  *See West v.*

4  *Atkins*, 487 U.S. 42, 48 (1988).

5  B.    Plaintiff's Claims

6    On August 14, 2008, Plaintiff was denied inactive gang status on the basis of three source

7  items.  As a result, Plaintiff was validated as an associate of the Mexican Mafia and retained in

8  the Secured Housing Unit ("SHU").  Plaintiff's status is scheduled to be re-evaluated in 2014.

9  Until then, Plaintiff will remain in the SHU.

10    Having reviewed the complaint, the Court finds the following claims, liberally construed,

11  are cognizable: (1) California Code of Regulations, title 15, section 3378(c)(8)(G) is both vague

12  and overbroad; (2) the August 2008 gang status review violated Plaintiff's Fourteenth

13  Amendment rights, resulting in Plaintiff's placement in the SHU; (3) Plaintiff's retention in the

14  SHU violates his right to free association and right to due process; (4) Defendants failed to train

15  and/or failed to follow their own policies regarding gang management and validation; and (5) the

16  hearing procedures utilized by Defendants violate state law and prison rules, as amended

17  pursuant to a settlement agreement in Castillo v. Marshall, No. C 94-2847 MJJ (PR).

18    Plaintiff's allegation that his retention in the SHU violates the Eighth Amendment,

19  without more, does not state a claim.  "[T]he transfer of an inmate to less amenable and more

20  restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily

21  contemplated by a prison sentence."  Hewitt v. Helms, 459 U.S. 460, 468 (1983); cf. Neal v.

22  Shimoda, 131 F.3d 818, 833 (9th Cir. 1997) (contemporary standards of decency are not violated

23  by classification programs which pursue "important and laudable" goals and are instituted under

24  the state's authority to operate correctional facilities).  An indeterminate sentence in

25  administrative segregation, without more, does not constitute cruel and unusual punishment in

26  violation of the Eighth Amendment.  See Anderson v. County of Kern, 45 F.3d 1310, 1315-16

27  (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for

28  exercise, day room access or otherwise not cruel and unusual punishment); Toussaint v. Yockey,

1    722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than usual hardships associated with

2    administrative segregation required to state 8th Amendment claim). Thus, this claim is

3    DISMISSED without leave to amend.

4         Plaintiff's motion for appointment of counsel is DENIED for want of exceptional

5    circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*

6    *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

7    civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been

8    able to adequately present his claims. This denial is without prejudice to the Court's *sua sponte*

9    appointment of counsel at a future date should the circumstances of this case warrant such

10   appointment.

11        Plaintiff's motion for photocopies is DENIED. Plaintiff claims that the prison law library

12   requires a court order to duplicate a legal document exceeding 100 pages in length. Plaintiff's

13   current complaint and accompanying exhibits is approximately 150 pages. The Court will not

14   order the prison law library to exceed the normal photocopy limits and reproduce documents of

15   an unstated length for plaintiff. Considering that there are page limits on legal briefs in this court

16   -- motions and oppositions must not exceed 25 pages and reply briefs must not exceed 15 pages

17   of text -- and Plaintiff has not shown a genuine need to exceed the page limits, it is unlikely that

18   through the remainder of this litigation, Plaintiff will need to file papers exceeding 100 pages.

19   As a one-time courtesy to Plaintiff, however, the Clerk shall send him a copy of his complaint

20   and accompanying exhibits.

21                              **CONCLUSION**

22        For the foregoing reasons, the court hereby orders as follows:

23        1.     Plaintiff's motion for appointment of counsel is DENIED. Plaintiff's motion for

24   photocopies is DENIED.

25        2.     The Clerk shall issue a summons and the United States Marshal shall serve,

26   without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments

27   thereto, and copies of this order on MATTHEW CATE, Secretary of the CDCR; FRANCISCO

28   JACQUEZ, Former Warden at PBSP; SCOTT S. KISSEL, Special Agent / SSU at Offices of

1   Corrections Safety CDCR Office in Sacramento; CORRECTIONAL OFFICER S. BURRIS at

2   PBSP; and CORRECTIONAL OFFICER R. RICE at PBSP.  The Clerk shall also serve a copy of

3   this order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney

4   General's Office.

5        3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a

6   motion for summary judgment or other dispositive motion with respect to the cognizable claims

7   in the complaint.

8        a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

9   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

10   defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

11   F.3d 1108, 1119-20 (9th Cir. 2003).

12        b.    Any motion for summary judgment shall be supported by adequate factual

13   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

14   Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

15   **<u>qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion</u>**

16   **<u>that this case cannot be resolved by summary judgment, they shall so inform the court</u>**

17   **<u>prior to the date the summary judgment motion is due.</u>**

18        4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and

19   served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

20        a.    In the event Defendants file an unenumerated motion to dismiss under

21   Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

22       The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted your

23   administrative remedies.  The motion will, if granted, result in the dismissal of
your case.  When a party you are suing makes a motion to dismiss for failure to

24   exhaust, and that motion is properly supported by declarations (or other sworn
testimony) and/or documents, you may not simply rely on what your complaint

25   says.  Instead, you must set out specific facts in declarations, depositions, answers
to interrogatories, or documents, that contradict the facts shown in the defendant's

26

27       [1] The following notice is adapted from the summary judgment notice to be given to pro se

28   prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
*Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1 declarations and documents and show that you have in fact exhausted your
2 claims.  If you do not submit your own evidence in opposition, the motion to
dismiss, if appropriate, may be granted and the case dismissed.

3       b.    In the event Defendants file a motion for summary judgment, the

4 Ninth Circuit has held that the following notice should be given to plaintiffs:

5     The defendants have made a motion for summary judgment by which
they seek to have your case dismissed.  A motion for summary judgment under
6 Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

7     Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there is
8 no genuine issue of material fact--that is, if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
9 judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
10 properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says.  Instead, you must set out specific facts in
11 declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'
12 declarations and documents and show that there is a genuine issue of material fact
for trial.  If you do not submit your own evidence in opposition, summary
13 judgment, if appropriate, may be entered against you.  If summary judgment is
granted in favor of defendants, your case will be dismissed and there will be no
14 trial.

15 *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

16 Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

17 (1986) (holding party opposing summary judgment must come forward with evidence showing

18 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

19 failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

20 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

21 without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

22 *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

23     5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

24 opposition is filed.

25     6.    The motion shall be deemed submitted as of the date the reply brief is due.  No

26 hearing will be held on the motion unless the court so orders at a later date.

27     7.    All communications by the Plaintiff with the court must be served on Defendants,

28 or Defendants' counsel once counsel has been designated, by mailing a true copy of the

1   document to Defendant or Defendants' counsel.

2         8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

3   No further court order is required before the parties may conduct discovery.

4         For Plaintiff's information, the proper manner of promulgating discovery is to send

5   demands for documents or interrogatories (questions asking for specific, factual responses)

6   directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to

7   matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1).

8   Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

9   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

10  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

11  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

12  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). <u>In order to comply</u>

13  <u>with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it</u>

14  <u>to his benefit to wait until defendants have filed a dispositive motion which could include some</u>

15  <u>or all of the discovery plaintiff might seek.</u> In addition, no motion to compel will be considered

16  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local

17  Rule 37-1 has been satisfied. Because Plaintiff is detained, he is not required to meet and confer

18  with Defendants in person. Rather, if his discovery requests are denied, and he intends to seek a

19  motion to compel, he must send a letter to Defendants to that effect, offering them one last

20  opportunity to provide him with the sought-after information.

21        9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

22  and all parties informed of any change of address and must comply with the Court's orders in a

23  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

24  pursuant to Federal Rule of Civil Procedure 41(b).

25        IT IS SO ORDERED.

26  DATED:   10/28/10        _____

27                          LUCY H. KOH
                            United States District Judge

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Hallman548srv.wpd        6