IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEVEN HALLMAN, | No. C 10-3548 LHK (PR) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL; DENYING "REQUEST FOR DISCOVERY AND PROTECTIVE ORDER" |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On October 28, 2010, the Court ordered service on named defendants based on the cognizable claims stated in Plaintiff's complaint. Pending before this Court is Plaintiff's motion for appointment of counsel, request for the Court to order Defendants to produce discovery, and request for the Court to issue a protective order. For the reasons stated below, Plaintiff's motion and requests are DENIED without prejudice.

As stated in the Court's October 28, 2010 order, Plaintiff's motion for appointment of counsel is DENIED without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Plaintiff also requests that the Court order or compel Defendants to produce documents, and issue a protective order for any confidential information disclosed. Specifically, Plaintiff wants Defendants to produce all confidential information which was relied upon to validate him

as a gang member. On December 13, 2010, Plaintiff sent his first request for production of documents to the California Attorney General's Office. However, to date, service has been executed as to only two Defendants. More importantly, no Defendant has yet appeared in this case.

Plaintiff may request the Court to compel discovery only after he satisfies the "meet and confer" requirements of the discovery rules. *See* Fed. R. Civ. P. 37(a)(2)(A) (providing motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because Plaintiff is detained, he is not required to meet and confer with Defendants in person. Rather, if his discovery requests are denied, and he intends to seek a motion to compel he must send a letter to Defendants to that effect, offering them one last opportunity to provide him with the sought-after information. As Plaintiff has not filed the requisite certification showing he has met and conferred with Defendants about their non-disclosure, the request for discovery and request for protective order will be DENIED without prejudice as premature.

## CONCLUSION

Plaintiff's motion for appointment of counsel is DENIED without prejudice. Plaintiff's request for discovery and protective order is DENIED without prejudice.

IT IS SO ORDERED.

DATED: 1/11/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge