IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEVEN HALLMAN, | No. C 10-3548 LHK (PR) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| MATTHEW CATE, et al., | (Docket No. 25) |
| Defendants. | |

Plaintiff, a state prisoner at Pelican Bay State Prison ("PBSP"), filed an amended *pro se* civil rights complaint under 42 U.S.C. § 1983. On January 24, 2011, Defendants filed a motion to dismiss. On March 28, 2011, Plaintiff filed an opposition. On April 11, 2011, Defendants filed a reply. Defendants' unopposed request for judicial notice (docket no. 26) is GRANTED. For the reasons that follow, defendants' motion to dismiss is GRANTED.

**BACKGROUND**

A.   <u>State Habeas Petition</u>

Before Plaintiff filed this underlying Section 1983 action, on October 14, 2009, he filed a petition for writ of habeas corpus in the Del Norte Superior Court. (MTD, Ex. A.) In that petition, Plaintiff described the sequence of events that resulted in him being denied inactive status review in 2008, and designated an "associate" of the Mexican Mafia prison gang. (MTD, Ex. A, Petition, Memo. P. & A. ("Petition") at 6-10 and Ex. A.) He also described the evidence

relied upon to validate him (Petition at 7-9), criticized the investigation by the institutional gang investigations unit ("IGI") (*id.* at 13, 15, 18), argued against the procedures used to validate him (*id.* at 14, 16-17, 18-19), and argued why each of the source items relied upon should not have been used to support a validation. (*id.* at 11, 16, 18-19).  He alleged that the reliance on these source items violated his rights under the terms of the settlement agreement in *Castillo v. Alameida*, No. 94-2847 MJJ (PR) (N.D. Cal.). (*Id.* at 13, 15-16, 25-28, 30.)  In addition, he argued that the validation procedure did not meet the requirements established in California Code of Regulations § 3378 (*id.* at 25, 34-35); that Section 3378(c)(8)(G) was vague and overbroad (*id.* at 18-21, 33-39); and that the validation procedure violated his rights to due process (*id.* at 13-16, 26-32) and free association (*id.* at 18-21, 26, 33-39).  Finally, he claimed that the validation procedure violated state laws.

On December 9, 2009, the Del Norte court issued a "request for informal response to petition for writ of habeas corpus." (MTD, Ex. B.)  On January 28, 2010, the Respondent filed an informal response.  In the response, the Respondent noted that Plaintiff was challenging the validation decision, discussed the procedure used to validate inmates, and argued that the evidence was sufficient to validate Plaintiff as an associate of the Mexican Mafia prison gang. (*Id.*)  On or after February 28, 2010, Plaintiff filed his reply to Respondent's informal response. (MTD, Ex. F.)  In his reply, he refuted the Respondent's arguments, and again asserted that the source items relied upon violated the *Castillo* settlement agreement as well as Section 3378, that the procedure violated his right to free association and speech, and that Section 3378(c)(8)(G) was vague and overbroad. (*Id.*)

On April 22, 2010, the Del Norte court denied Plaintiff's petition for writ of habeas corpus. (MTD, Ex. H.)  In its order, the court rejected Plaintiff's motion to file an amended petition as untimely, however, it opted to consider Plaintiff's newly raised argument and citations within. (*Id.* at 1.)  The court explained that the validation process and placement in SHU was a form of administrative segregation, and the "process has been examined at length by the federal courts and found to pass constitutional muster." (*Id.* at 2 (citing *Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1985), and *Madrid v. Gomez*, 889 F. Supp. 1146, 1240-41

1  (N.D. Cal. 1995)).  The court recognized that some evidence must support the validation

2  decision in order to satisfy due process.  (*Id.*)  It then determined, after an *in camera* review of

3  the three submitted source items, that there was reliable evidence upon which prison officials

4  could determine that Plaintiff was an active member of the Mexican Mafia prison gang.  (*Id.* at

5  3.)

6  B.        The Federal Section 1983 First Amended Complaint

7          In his Section 1983 first amended complaint ("FAC"), Plaintiff complains about the

8  decision to place him in the Secured Housing Unit ("SHU") after being validated as an associate

9  of the Mexican Mafia prison gang.  His 43-page FAC contains factual allegations, legal

10 arguments, and discussions about the gang validation procedures.  He asserts numerous legal

11 theories of relief – e.g., vagueness and overbreadth, violation of his right to due process,

12 violation of his right to free association, failure to train, violation of *Castillo*, and state law

13 claims – but all his claims are based on the gang validation decision-making process in 2008 and

14 the resulting SHU placement.

## DISCUSSION

16        Defendants move to dismiss the complaint, arguing that (1) it is barred by res judicata

17 and collateral estoppel; (2) it is barred by the *Rooker-Feldman* doctrine; (3) inactive status

18 reviews do not implicate a federal due process; (4) the state law claims are barred because

19 Plaintiff failed to comply with the California Government Claims Act;[1] and (5) Defendants are

20 entitled to qualified immunity.  Because the Court agrees with Defendants' contention that the

21 complaint is barred by res judicata, the remaining issues need not be addressed.

22        The related doctrines of res judicata and collateral estoppel limit litigants' ability to

23 relitigate matters.  Under the doctrine of res judicata (also known as the claim preclusion

24 doctrine), "a final judgment on the merits of an action precludes the parties or their privies from

25 relitigating issues that were or could have been raised in that action . . . .  Under collateral

---

[1] Plaintiff concedes that his state law claims are barred because he failed to comply with the California Government Claims Act, in violation of Cal. Gov't. Code § 905.2.  (Opp. at 1.) Accordingly, Plaintiff's state law claims are DISMISSED.

estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata bars not only every claim that was raised in state court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see, e.g.*, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957-58 (9th Cir. 2002) (ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); *Smith v. City of Chicago*, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applied where single core of operative facts formed basis of both lawsuits and plaintiff neglected to raise Section 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applied where factual basis for Title VII claim was same as factual basis for Section 1983 claim raised earlier; even though legal theory was different, same wrong was sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).

    The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim*,

584 F.3d at 1268 (citation omitted). If this cause of action test is satisfied, then the same primary right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. *Id.* "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981).

Here, Plaintiff pursued the same cause of action in state court as in his FAC. The primary right possessed by him was his interest in remaining free from SHU placement, the corresponding duty of prison officials was to not place him in the SHU without affording him established constitutional protections, and the alleged harm was his resulting gang validation and indeterminate SHU term. The same allegations of state and federal violations were complained of in both state and federal actions: use of allegedly insufficient/unreliable evidence, vagueness and overbreadth of California Code of Regulations § 3378(c)(8)(G), violation of his right to due process, violation of his right to free association, violation of *Castillo*, and various state law claims. The same injury was alleged in both: wrongful placement in the SHU as a gang associate. The actions involve the same injury to Plaintiff and the same wrong by the same prison officials, even though the form of the action in state court (i.e., a habeas petition) led Plaintiff to identify as the adverse party his custodian rather than the individual wrongdoers.

The doctrine of res judicata does not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue . . . . 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480–81 & n.22 (1982) (citations omitted). In enacting Section 1738 (i.e., the Federal Full Faith and Credit Statute), Congress intended that federal courts give preclusive effect to state court judgments whenever the courts of the State from which the judgment came would do so — accepting the rules chosen by the State from which the judgment came rather than employing their own rules of res judicata. "The State must, however, satisfy the applicable

1  requirements of the Due Process Clause.  A State may not grant preclusive effect in its own
2  courts to a constitutionally infirm judgment, and other state and federal courts are not required to
3  accord full faith and credit to such a judgment." *Kremer*, 456 U.S. at 482 (footnote omitted).
4  Where the federal court is considering the preclusive effect of a state court judgment under
5  Section 1738, "state proceedings need do no more than satisfy the minimum procedural
6  requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full
7  faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481.

8       Here, Plaintiff had an opportunity for full and fair litigation of his claims that his right to
9  due process was violated by the use of allegedly insufficient evidence to support the gang
10  validation decision that resulted in his SHU placement.  After he filed the petition in the Del
11  Norte court, an informal response and reply were filed.  Plaintiff had an opportunity to, and did,
12  contest the sufficiency of the evidence as well as reiterate the arguments regarding his other
13  claims.  The Del Norte court rejected Plaintiff's constitutional claims, reviewed the evidence,
14  identified the correct evidentiary standard for a due process claim, and found the evidence to be
15  sufficient.  Ultimately, the Del Norte court denied Plaintiff's petition.

16       Plaintiff's claims that Section 3378(c)(8)(G) is vague and overbroad, and that the
17  validation procedure violates Section 3378, his rights to due process and free association, the
18  *Castillo* settlement agreement, and state laws, have already been fully litigated.  The fact that the
19  earlier litigation was a state habeas proceeding does not exempt the case from the principles of
20  res judicata.  *See Silverton*, 644 F.2d at 1347.  Rather, the focus is whether Plaintiff had a full
21  and fair opportunity for the issues to be heard and litigated under federal standards.  *See id.*  He
22  did.  Plaintiff cited federal cases in his state petition.  The Del Norte court cited federal cases
23  regarding federal constitutional requirements for placement in the SHU for gang affiliation, and
24  determined that the process and the evidence met those standards.

25       The main difference between the state habeas proceeding and the present civil rights
26  action is that damages are available in the civil rights action.  However, the unavailability of
27  damages in the state habeas proceeding does not exempt that case from the reach of res judicata.
28  *See City of Los Angeles v. Superior Court*, 85 Cal. App. 3d 143, 151 (1978) (litigant "cannot

1  avoid impact of rule against splitting causes of action by choosing for his first foray a tribunal of
2  limited jurisdiction.") "[A]ll claims based on the same cause of action must be decided in a
3  single suit; if not brought initially, they may not be raised at a later date.  Res judicata precludes
4  piecemeal litigation by splitting a single cause of action or relitigation of the same cause of
5  action on a different legal theory or for different relief. . . .  A predictable doctrine of res judicata
6  benefits both the parties and the courts because it seeks to curtail multiple litigation causing
7  vexation and expense to the parties and wasted effort and expense in judicial administration."
8  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) (citations and internal quotation
9  marks omitted, emphasis omitted).  In *Mycogen*, the court held that the plaintiff who prevailed in
10 an action for declaratory relief and specific performance of a contract could not pursue damages
11 in a subsequent action for breach of that same contract.  Res judicata barred the second action for
12 damages.  *See id.* at 904; *accord Hatch v. Bank of America N.T. & S.A.*, 182 Cal. App. 2d 206,
13 210-11 (1960) (prevailing plaintiff in quiet title action who received judgment determining his
14 claim was superior and that he was entitled to immediate judgment was barred by res judicata
15 from pursuing second action for damages sustained during time he was deprived of use of
16 property).  Under California law, Plaintiff could not pursue an action for damages in California
17 even if he had received a favorable adjudication in the habeas action.

18      Res judicata bars Plaintiff from relitigating his claims because the same cause of action is
19 being pursued, Plaintiff is the same party as in the earlier case, and the adjudication of the
20 petition was final and on the merits.  Further, res judicata bars not only the claims that were
21 actually litigated, but all the claims that could have been litigated, as well as all of the claims in
22 which the Del Norte court had an opportunity to reach on the merits.  *See Clark v. Yosemite*
23 *Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986).  Plaintiff's Section 1983 action
24 contains legal theories and claims raised in his state habeas petition as well as his reply to the
25 Respondent's informal response, however, some of those theories were not expressly addressed
26 in the Del Norte court's order denying his petition.  The Del Norte court specifically addressed
27 Plaintiff's claim of insufficiency of the evidence, and generally concluded that the validation
28 procedures "passed constitutional muster."  Even though the Del Norte court did not expressly

1 rule on each claim raised in Plaintiff's state habeas petition, "an opportunity to reach the merits
2 is sufficient to invoke a preclusive effect." *Id.* ("The state court may not have expressly ruled on
3 Clark's cause of action involving interference with his primary right to his teaching
4 responsibilities, but he was not prevented from reaching the merits because of a procedural
5 barrier which constitutes an exception to the general rule of claim preclusion."). Thus, all of the
6 claims Plaintiff raised in his state habeas petition and are barred by res judicata.

7 Plaintiff raised two claims in his FAC that he did not raise in his state habeas petition and
8 arguably do not arise out of the same "cause of action." Regardless, both claims fail. First, he
9 argues that the supervisory defendants violated his constitutional rights by participating in
10 creating the validation procedure, and supporting his gang validation and retention. (FAC at 28)
11 A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in
12 the constitutional deprivation or (2) a sufficient causal connection between the supervisor's
13 wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d
14 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). However, the Del Norte court decision,
15 having preclusive effect, rejected Plaintiff's claims regarding the gang validation procedure and
16 Plaintiff's subsequent validation and SHU retention, and determined that there was no
17 constitutional violation. Thus, Plaintiff's claim against supervisory defendants fails to state a
18 cognizable claim. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)
19 ("the court is not required to accept legal conclusions cast in the form of factual allegations if
20 those conclusions cannot reasonably be drawn from the facts alleged").

21 Second, in his FAC, Plaintiff argues that his indefinite retention in the SHU was an
22 atypical and significant hardship, which Plaintiff incorrectly labels as a "federal due process"
23 right (FAC at 37; Opp. at 6-10). Plaintiff is correct in his assertion that *Wilkinson v. Austin*, 545
24 U.S. 209 (2005), held that an indefinite placement in a harsh administrative segregation unit
25 deprived inmates of a protected liberty interest. *Wilkinson* required that, in order to comport
26 with due process, an inmate being transferred to administrative segregation that amounted to an
27 atypical and significant hardship must be provided with (1) notice of the charges or reasons such
28 placement is being considered, (2) an opportunity to be heard, and (3) notice of any adverse

decision such as the decision to place him in segregation as a validated gang affiliate. 545 U.S. at 229 (relying on *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 16 (1979) and *Hewitt v. Helms*, 459 U.S. 460, 473-76 (1983)). Plaintiff's documents in support of his state habeas petition demonstrate that he received those protections. (Petition, Ex. A, April 11, 2008 CDC 128-B and July 29, 2008 CDC 128-B.) Thus, Plaintiff's "federal due process right" claim fails to state a cognizable claim for relief. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:   7/29/11

LUCY H. KOH
United States District Judge